Christopher J. Hamner, Esq. (SBN 197117)
Amy T. Wootton, Esq. (SBN 188856)
**HAMNER LAW OFFICES, APC**
555 W. 5th Street, 31st Floor
Los Angeles, California 90013
Telephone:(213) 533-4160
Facsimile: (213) 533-4167
chamner@hamnerlaw.com
awootton@hamnerlaw.com

Attorneys for Plaintiff VALERIE WILLIAMS, on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE WILLIAMS, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION, a Delaware corporation, DOLLAR-THRIFTY AUTOMOTIVE GROUP, a Delaware corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE NO.**<br><br>CLASS ACTION COMPLAINT FOR<br><br>1) Unpaid Earned Bonus Pay (Lab. Code, § 201, 204, 206)<br><br>2) Failure to Timely Pay Wages Due at Termination (Lab. Code, § 203)<br><br>3) Failure to Provide Itemized Wage Statements<br><br>4) Violations of the Private Attorneys General Act of 2004 ("PAGA") (Lab. Code § 2698, et seq.)<br><br>5) Violations of the Unfair Competition Law (Bus. & Prof. Code §§ 17200-17208)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff VALERIE WILLIAMS ("Plaintiff"), by and through her attorneys, brings this action on behalf of herself and all other persons currently or formerly employed by THE HERTZ CORPORATION, a Delaware corporation, DOLLAR-

1

THRIFTY AUTOMOTIVE GROUP, a Delaware corporation and DOES 1 through 10, inclusive (hereinafter "Defendants"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## I.

## INTRODUCTION

1. In November 2012 Hertz Corporation ("Hertz") purchased Dollar-Thrifty Car Rental ("Dollar-Thrifty") (collectively "Defendants"). Thereafter, Hertz assumed responsibility, with Dollar-Thrifty, for all Dollar-Thrifty personnel matters, including the legal duty to pay all Dollar-Thrifty workers on time and accurately.

2. Soon after the purchase of Dollar-Thrifty by Hertz, Hertz failed to timely and accurately pay Dollar-Thrifty managers in California all compensable wages, specifically including earned bonuses. Hertz and Dollar Thrifty violated their bonus policy, and California law, in the third and fourth quarters of 2013, and in the first quarter of 2014 by, among other things, paying late, paying less than what was owed and in some cases, outright failing to pay Dollar-Thrifty Car Rental Managers earned bonuses these managers were owed and on which these managers relied upon.

3. This case is brought on behalf of Hertz and Dollar-Thrifty managers who were not properly paid bonuses which these managers earned and rely upon. The proposed Plaintiff Class consists of all Hertz and Dollar-Thrifty Managers, including City Managers, Station Managers, Location Managers, Operations Managers,

2

Class Action Complaint

Maintenance Managers, and Fleet Managers, employed by Defendants in California in the last four years.

## II.
## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which some of the members of the class of plaintiffs are citizens of states different from Defendants. Further, greater than two-thirds of the class members reside in states other than the state in which defendant is a citizen.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district.

## III.
## THE PARTIES

**A.   The Plaintiff**

6. Plaintiff VALERIE WILLIAMS is a resident of the State of California. At all relevant times herein, Plaintiff was employed by Defendants as a City Manager working out of Defendants' Oakland office. Plaintiff has been employed by Dollar-Thrifty for over 25 years.

**B.   The Defendants**

7. Defendant, THE HERTZ CORPORATION is a Delaware corporation headquartered at 10450 Corkscrew Commons Drive, Estero, Florida 33928 and is engaged in business in San Francisco County and throughout California.

8.     Defendant DOLLAR THRIFTY AUTOMOTIVE GROUP, a Delaware corporation is headquartered at 5330 E. 31st Street, Tulsa, Oklahoma 74135 and is engaged in business in San Francisco County and throughout California.

9.     Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 10, but is informed and believes, and based thereon alleges, that said Defendants are legally responsible for the wrongful conduct alleged herein, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capabilities are ascertained.

## IV.
## GENERAL ALLEGATIONS

10.     During all, or a portion of, the Class Period, Plaintiff and each member of the Plaintiff Class were employed by Defendants in the State of California. Plaintiff suffered damages, wage loss and legally cognizable harm due to Defendants' policies and practices, and has standing to bring this case individually and as a representative for other similarly impacted employees.

11.     Plaintiff has worked for Dollar-Thrifty for over 25 years. Plaintiff is currently a City Manager for at the Oakland Airport Thrifty Car Rental. Plaintiff has held this position for a year and a half.

12.     Dollar-Thrifty was purchased by Hertz Corporation in November 2012 for $2.3 billion dollars. Plaintiff alleges that from May of 2013 through the present, Hertz

4

Class Action Complaint

and Dollar-Thrifty have been responsible for timely and accurately paying quarterly and year ending bonuses, which Defendants call "Field Management Incentive Payment," to managers in California employed by Hertz and Dollar-Thrifty.

13. Plaintiff alleges on information and belief that she and many others who work as managers for Defendants were not timely and / or accurately paid earned bonus pay and in the third and fourth quarters of 2013, and in the first quarter of 2014, and potentially at other times during the liability period.

14. Instead, Defendants failed to, or neglected to, timely and /or accurately pay Plaintiff and the proposed class earned bonuses and other wages and penalties related to said failure / neglect.

15. Plaintiff and the class she seeks to represent have suffered damages as a result of Defendants' failure and/or neglect in timely and accurately paying earned bonuses in 2013 and 2014 to Hertz and Dollar-Thrifty managers.

## V.
## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this action on behalf of herself and all other similarly situated persons as a class action pursuant to California Code of Civil Procedure section 382. Plaintiff seeks to represent a Class composed of and defined as follows:

Class Action Complaint

> All current and former managers, including City Managers, Station Managers, Location Managers, Operations Managers, Maintenance Managers, and Fleet Managers, employed by The Hertz Corporation and/or Dollar Thrifty Automotive Group in the State of California at any time beginning four years prior to the filing of this Complaint to the commencement of trial in this action.

17. This action has been brought and may be properly maintained as a class action under the provisions of Federal Rules of Civil Procedure, Rule 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A. Numerosity

18. The members of the Class are so numerous that individual joinder of all of them as Plaintiffs is impracticable. While the exact number of the Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes, and based thereon alleges, that there are more than 100 Class members, who, at all relevant times, were employed in the State of California.

### B. Commonality

19. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.

### C. Typicality

20. The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff and all members of the Class and subclasses sustained injuries and damages

arising out of and caused by the Defendant's common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged.

### D. Adequacy of Representation

21. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has agreed to represent the proposed class and act as a fiduciary for their interests in addition to her own. Plaintiff is aggrieved in a similar manner as the proposed classes and subclasses, with the only variation being the amount of loss and damage suffered by individual employees as a result of Defendants' common, uniform and systematic practice. Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

### E. Superiority of Class Action

22. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over questions affecting only individual Class members. Each Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to pay or timely pay earned bonuses. A Class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its

Class Action Complaint

maintenance as a class action.

## VI.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay Earned Bonuses and Other Wages**

23. Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 22 above as though fully set forth herein.

24. Plaintiff alleges Defendants are responsible for timely and accurately paying earned bonus pay its managers.

25. Defendants did not pay earned bonuses to Plaintiff and the proposed class in 2013 and 2014.

26. Defendants' actions in this regard have harmed Plaintiff and the proposed class, entitling Plaintiff and the proposed class to unpaid bonuses, penalties, interest and other related damages.

### SECOND CAUSE OF ACTION
**Failure to Timely Pay Wages Due At Termination**

27. Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 26 above as though fully set forth herein.

28. California Labor Code section 203 provides that if an employer willfully fails to timely pay wages, the employer must continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

29. Each proposed class member who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation.

30. More than thirty days have passed since said proposed class members left Defendants' employment.

31. As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, the California Class Members whose employment ended during the class period are entitled to thirty days' wages under Labor Code section 203, together with interest thereon and attorney's fees and costs.

## THIRD CAUSE OF ACTION
### Failure to Provide Itemized Employee Wage Statements

32. Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 31 above as though fully set forth herein.

33. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, quarterly and year-end bonus pay, to Plaintiff and Wage Statement Subclass members in accordance with Labor Code section 226(a) and applicable IWC Wage Orders.  Such failure caused injury to Plaintiff and the proposed class, by, among other things, impeding them from knowing the amount of wages to which they are and were lawfully entitled and under-reporting wages and hours for which pay was due and owing.  At all times relevant herein, Defendants have failed to maintain appropriate records of hours worked by the Plaintiff and the proposed class as required under Labor Code section 1174(d).

34. Plaintiff and the proposed class are entitled to seek injunctive relief

9

Class Action Complaint

requiring Defendant to comply with Labor Code sections 226(a) and 1174(d), and further seek the amount provided under Labor Code sections 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

## FOURTH CAUSE OF ACTION
### Violation of the Private Attorneys General Act of 2004 ("PAGA")

35. Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 34 above as though fully set forth herein.

36. Plaintiff, by virtue of her employment with Defendants, and the Defendants' failure to pay all compensable wages for time worked, is an aggrieved employee with standing to bring an action under the Private Attorneys General Act (PAGA). Plaintiff has satisfied all prerequisites to serve as representative of the general public to enforce California's labor laws, including without limitation, the penalty provisions identified in Labor Code section 2699.5. Because the LWDA took no steps within the time period required to intervene and Defendants took no corrective action to remedy the allegations set forth above, Plaintiff, as representative of the people of the State of California, will seek any and all penalties otherwise capable of being collected by the Labor Commission and/or the Department of Labor Standards and Enforcement (DLSE). This includes each of the following, as set forth in Labor Code section 2699.5, which provides that section 2699.3(a) applied to any alleged

Class Action Complaint

violation of the following provisions: Sections 98.6, 201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223 and 224, subdivision (s) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 510, 511, 512, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, and 1153, subdivision (c) and (d) of Section 1174, Sections 1194, 1197, 1197.1, 1197.5, and 1198, subdivision (b) of Section 1198.3, Sections 1199, 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, and 1700.40, and 1700.74, paragraphs (1), (2), and (3) of subdivision (a) and subdivision (e) of Section 1701.4, subdivision (a) of Section 1701.5, Sections 1701.8, 1701.10, 1701.12, 1735, 1771, 1774, 1776, 1777.5, 1811, 1815, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801, 2802, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3095, 6310, 6311, and 6399.

37.     Plaintiff is informed and believes that Defendants have violated and continue to violate provisions of the California Labor Code and applicable Wage Order

Class Action Complaint

related to the payment of all wages due at termination.

38. Plaintiff, as a personal representative of the general public, will and does seek to recover any and all penalties for each and every violation shown to exists or to have occurred during the one year period before Plaintiff filed Notice with the LWDA of their intent to bring this action, in an amount according to proof, as to those penalties that are otherwise only available to public agency enforcement actions. Funds recovered will be distributed in accordance with PAGA, with at least 75% of the penalties recovered being reimbursed to the State of California and the Labor Workforce Development Agency (LWDA).

### FIFTH CAUSE OF ACTION
### Violation of the Unfair Competition Law

39. Plaintiff incorporates by reference and re-alleges each and every allegation contained in paragraphs 1 through 38 above as though fully set forth herein.

40. Defendants' failure to pay all earned bonuses constitute unlawful activity, acts and practices that are prohibited by Business and Professions Code sections 17200, *et seq*. The actions of Defendants described above constitute false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code sections 17200, *et seq*. Defendant has violated multiple provisions of California law and applicable regulations and Orders of the IWC that have the same force and effect of a violation of law. This includes, without limitation California Labor Code Sections 201-203, 226.7, 512, 1194, and 2802 which serve as statutory

Class Action Complaint

predicates for which restitution is owed by Defendant, as well as Wage Order 16-2001, Section 1-2, and applicable regulations of the California Code of Regulations that relate to record keeping, overtime pay calculations, and failure to properly account for and pay for travel time that is unrelated to normal commute time.

41. Plaintiff is entitled to restitution and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

42. As a result of these unlawful acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff and the proposed Class and the proposed Subclasses he seeks to represent. Defendants should make restitution for these ill-gotten gains to restore to Plaintiff and the members of the UCL Subclass the wrongfully under-reimbursed amounts, underpaid wages and overtime pursuant to Business and Professions Code section 17203 and specific performance of payment of penalties ordered under Business and Professions Code section 17202.

43. Plaintiff is informed and believes, and based thereon alleges, that Defendants are unjustly enriched through the acts described above and that he and the proposed Class have and continue to suffer irreparable prejudice by Defendants' unfair practices. Further, by engaging in such activities, Defendants are illegally operating at an advantage to other law abiding employers in the State of California and underpaying payroll and other applicable taxes that are collected by the State and local governmental entities in California.

Class Action Complaint

44. The illegal conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future. Plaintiff alleges that Defendants will continue to fail to pay all hourly and overtime wages, appropriate overtime rates of pay for shifts where overtime is clearly worked, fail to pay all wages due at termination, and fail to pay and avoid paying appropriate taxes, insurance, and unemployment withholdings.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VALERIE WILLIAMS, on behalf of herself and all members of the proposed Plaintiff Class and subclasses she seeks to represent, prays for relief as follows:

A. Certification of this action as a class action on behalf of the proposed class;

B. For an order certifying that action be maintained as a class action pursuant to Federal Rules of Procedure, Rule 23;

C. Designation of Named Plaintiff as Class Representative and Plaintiff's attorneys as Counsel for the Class;

D. A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

E. All appropriate state statutory penalties;

F. An award of compensatory and liquidated damages pursuant to Labor Code section 1194.2, and restitution to be paid by Defendants according to proof;

Class Action Complaint

section 1194.2, and restitution to be paid by Defendants according to proof;

G. Pre-Judgment and Post-Judgment interest, as provided by law;

H. Such other equitable relief as the Court may deem just and proper; and

I. Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Labor Code sections 1194, California Code of Civil Procedure sections 1021.5, and other applicable state laws.

J. For an order that Defendants make restitution to Plaintiff and the California Class due to its unlawful business practices, including unlawfully-collected compensation pursuant to California Business and Professions Code sections 17203 and 17204; and

K. Such other legal equitable relief as this Court deems necessary, just, equitable and proper.

HAMNER LAW OFFICES, APC

Dated: August 11, 2014   By: _____
                         Christopher J. Hamner, Esq.
                         Amy T. Wootton, Esq.
                         Counsel for Plaintiff VALERIE WILLIAMS
                         and all others similarly situated